IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| SOUTHERN SPECIALTIES, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>FARMER MIKES PRODUCE INC., a Florida corporation, and MICHAEL CLEVENGER, an individual,<br><br>Defendants. | Case No.: 2:25-cv-1016<br><br>CIVIL ACTION COMPLAINT |

## INTRODUCTION

This action arises from Defendant Farmer Mikes Produce Inc.'s failure to pay for perishable agricultural commodities purchased from Plaintiff Southern Specialties, Inc. That failure caused Southern Specialties significant financial harm, including damages, interest, costs, and attorneys' fees. Accordingly, Southern Specialties brings this complaint to (a) enforce its rights under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a–t ("PACA"), including the statutory PACA trust, 7 U.S.C. § 499e(c) ("PACA Trust"), as well as under federal common law and state law, and (b) recover the damages resulting from Farmer Mikes Produce, Inc.'s nonpayment.

## PARTIES

1. Plaintiff is Southern Specialties, Inc. ("Southern Specialties"), a Florida corporation with its principal business location in Pompano Beach, Florida.

2. Defendants are:

(a) Farmer Mikes Produce Inc.., a Florida corporation ("Farmer Mikes") with its principal business location in Bonita Springs, Florida.

(b) Michael Clevenger, an individual who, upon information and belief, resides in Bonita Springs, Florida.

## JURISDICTION & VENUE

3. This Court has federal question subject matter jurisdiction over Southern Specialties' claims because they arise under PACA, including the PACA Trust provisions and federal common law. 28 U.S.C. §1331; 7 U.S.C. §499e(b); 7 U.S.C. §499e(c)(5).

4. This Court has supplemental jurisdiction over Southern Specialties' state-law claims because they are so related to the PACA and federal common law claims that they form part of the same case or controversy. 28 U.S.C. §1367(a).

5. This Court has personal jurisdiction over Farmer Mikes because it resides in the district, and committed tortious acts within the State of Florida, including acts within this District, which caused damage to Southern Specialties.

6. This Court also has personal jurisdiction over Michael Clevenger because he resides in the district, and he personally directed, controlled, and participated in substantial and intentional business activities in Florida, including within this District, which are directly related to Southern Specialties' claims. His failure to ensure Farmer

Mikes' compliance with its fiduciary duties under the PACA Trust constitutes tortious conduct that caused injury in Florida, including within this District.

7. Venue is proper because this District is where (a) Farmer Mikes resides, (b) the contracts were entered into, (c) a substantial part of the events and omissions giving rise to Southern Specialties' claims, and (d) the relevant property is located. 28 U.S.C. §1391(b).

## FACTS COMMON TO ALL COUNTS

8. Southern Specialties is a licensed produce dealer that buys and sells wholesale quantities of perishable agricultural commodities, as defined under PACA, including all fresh and frozen fruits and fresh vegetables ("produce").

9. Farmer Mikes is also a licensed produce dealer that buys and sells produce.

10. Between August 4, 2025, and September 2, 2025, Southern Specialties and Farmer Mikes contracted for Southern Specialties to sell Farmer Mikes produce, including tomatoes, blackberries, and asparagus, shipped in interstate commerce, and for Farmer Mikes to pay Southern Specialties $26,699.75 for the produce ("Transactions").

11. Farmer Mikes received and accepted the produce from Southern Specialties.

12. For each transaction, Southern Specialties sent an invoice to Farmer Mikes itemizing the agreed-upon quantities and types of produce, the contract prices, and the amounts owed by Farmer Mikes.

13. Each invoice included terms for attorneys' fees, costs, and 1.5% monthly interest (18% annually) on overdue balances.

14. Farmer Mikes received the invoices and did not object to their terms.

15. Despite receiving and accepting the produce and invoices, Farmer Mikes failed to remit payment to Southern Specialties.

16. Farmer Mikes currently owes Southern Specialties the principal amount of $26,699.75, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

## CLAIMS FOR RELIEF

## COUNT I: FARMER MIKES

## BREACH OF CONTRACT

17. Southern Specialties incorporates by reference its allegations in paragraphs 1 through 16.

18. Southern Specialties and Farmer Mikes entered into the Transactions. See Paragraph 10.

19. Farmer Mikes breached the contracts by failing to pay for the produce as agreed.

20. Southern Specialties has fully performed all conditions precedent required under the contracts.

21. Because Farmer Mikes breached the parties' contracts, Southern Specialties has suffered damages of at least $26,699.75, plus interest at the rate of 1.5%

per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

FOR THESE REASONS, Southern Specialties requests a judgment in its favor and against Farmer Mikes in the principal amount of $26,699.75, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

**COUNT II: FARMER MIKES**

**FAILURE TO PAY PROMPTLY**
*7 U.S.C. §§499b(4), 499e(a) and 499e(b)*

22. Southern Specialties incorporates by reference its allegations in paragraphs 1 through 16.

23. Farmer Mikes qualifies as a produce dealer under PACA because it bought and sold at least 2,000 pounds of produce in a single day.

24. During the Transactions, Farmer Mikes held a valid PACA license (No. 20170549) issued by the United States Department of Agriculture ("USDA").

25. Southern Specialties and Farmer Mikes entered into the Transactions. See Paragraph 10.

26. As a PACA-licensed produce dealer, Farmer Mikes must tender full payment promptly to its unpaid produce suppliers and sellers.

27. Farmer Mikes failed to pay for the produce within the payment term.

28. Because Farmer Mikes failed to pay promptly, Southern Specialties has incurred damages of at least $26,699.75, plus interest at the rate of 1.5% per month

(equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

FOR THESE REASONS, Southern Specialties seeks an Order directing Farmer Mikes to immediately pay Southern Specialties $26,699.75, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

## COUNT III: DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. §499e(c)*

29. Southern Specialties incorporates by reference its allegations in paragraphs 1 through 16.

30. Farmer Mikes qualifies as a produce dealer under PACA because it bought and sold at least 2,000 pounds of produce in a single day.

31. During the Transactions, Farmer Mikes held a valid PACA license (No. 20170549) issued by the USDA.

32. Southern Specialties and Farmer Mikes entered into the Transactions. See Paragraph 10.

33. The sales occurred in interstate commerce, as the produce was part of the regular flow of commerce customary in the industry.

34. By transferring ownership, possession, or control of the produce to Farmer Mikes, Southern Specialties became eligible to participate in the PACA Trust. 7 C.F.R. §46.46(c)(1).

35. For each transaction, Farmer Mikes became a trustee under the PACA Trust upon receiving and accepting the produce, with Southern Specialties as the PACA Trust beneficiary.

36. During the Transactions, Southern Specialties held a valid PACA license (No. 19911748) issued by the USDA.

37. As a PACA licensee, Southern Specialties preserved its rights as a PACA Trust beneficiary of Farmer Mikes by including the PACA Trust statutory statement on each invoice sent to Farmer Mikes.

38. Farmer Mikes breached its PACA Trust duties by failing to pay for the produce purchased from Southern Specialties and by failing to maintain sufficient PACA Trust assets to satisfy Southern Specialties' PACA Trust claim.

39. As an unpaid produce supplier, seller, and a PACA Trust beneficiary, Southern Specialties is entitled to protection under the PACA Trust, including the right to payment from Farmer Mikes' PACA Trust assets.

FOR THESE REASONS, Southern Specialties seeks an Order declaring that it holds a valid PACA Trust claim against Farmer Mikes in the principal amount of $26,699.75, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

## COUNT IV: FARMER MIKES

## TO PREVENT AND RESTRAIN DISSIPATION OF THE PACA TRUST, CREATION OF COMMON FUND AND PERMANENT INJUNCTION
*7 U.S.C. §499e(c)(5)*

40. Southern Specialties incorporates by reference its allegations in paragraphs 1 through 16 and 30 through 39.

41. PACA broadly defines assets subject the PACA Trust to include all produce received by Farmer Mikes in any transaction; all inventories of food or other products derived from such produce; all accounts receivable or proceeds from the sale of the produce and its products; and all assets commingled with, purchased with, or otherwise acquired using those proceeds (collectively, "PACA Trust Assets"). See 7 U.S.C. §499e(c); 7 C.F.R. §46.46(b).

42. As a PACA trustee, Farmer Mikes is required to maintain PACA Trust Assets in a nonsegregated, floating trust so that sufficient PACA Trust Assets are freely available to satisfy outstanding obligations to Southern Specialties and other unpaid produce suppliers with valid PACA Trust claims as those claims become due. See 7 C.F.R. §46.46(d)(1).

43. Farmer Mikes must hold the PACA Trust Assets in trust for Southern Specialties and any unpaid produce suppliers with valid PACA Trust claims until full payment has been made on all amounts owed in connection with their respective transactions. See 7 U.S.C. §499e(c); 7 C.F.R. §46.46(c)(1).

44. Any actions and omissions by Farmer Mikes that are inconsistent with its obligations to maintain sufficient PACA Trust Assets, such as diverting those assets

or impairing the ability of Southern Specialties and other unpaid produce suppliers with valid PACA Trust claims to recover amounts owed, are unlawful under PACA and constitute dissipation of the PACA Trust. See 7 C.F.R. §§46.46(a)(2) and (d)(1).

45. Farmer Mikes accepted the produce from Southern Specialties. See Paragraph 10.

46. Upon information and belief, Farmer Mikes failed to satisfy its duties as a PACA trustee by not maintaining sufficient PACA Trust Assets to satisfy Southern Specialties' PACA Trust claim, and by diverting PACA Trust Assets to pay non-trust expenses and creditors.

47. Farmer Mikes' failure to maintain sufficient PACA Trust Assets and its diversion of those assets to non-trust obligations are unlawful under PACA and constitute dissipation of the PACA Trust.

48. Southern Specialties seeks to prevent and restrain further dissipation of the PACA Trust, ensure proper segregation and administration of PACA Trust Assets, and establish a common fund from which Southern Specialties and other unpaid produce suppliers with valid PACA Trust claims may be paid.

FOR THESE REASONS, Southern Specialties requests the following Orders:

    (a) That the Court exercises in rem jurisdiction over the PACA Trust Assets;

    (b) That Farmer Mikes, and all people acting in concert with it, be permanently enjoined from dissipating PACA Trust Assets;

(c) That Farmer Mikes be ordered to segregate PACA Trust Assets into a separate account to create a common fund from which Southern Specialties and other unpaid produce suppliers with valid PACA Trust claims may receive payment;

(d) That Farmer Mikes be directed to account for all PACA Trust Assets, and maintain sufficient PACA Trust Assets to satisfy the claims of Southern Specialties and other unpaid produce suppliers with valid PACA Trust claims; and

(e) That the Court oversee the administration of the PACA Trust Assets, including the collection and marshalling of those assets, determination of the validity and amount of claims asserted against the PACA Trust Assets, and distribution of funds to satisfy all valid PACA Trust claims.

## COUNT V: FARMER MIKES

### ENFORCEMENT OF PAYMENT FROM THE PACA TRUST
### 7 U.S.C. §499e(c)(5)

49. Southern Specialties incorporates by reference its allegations in paragraphs 1 through 16, 30 through 39, and 41 through 48.

50. Farmer Mikes received and accepted the produce from Southern Specialties. See Paragraph 10.

51. Farmer Mikes has custody and control over the PACA Trust Assets from which Southern Specialties is entitled to payment.

52. Southern Specialties holds a valid PACA Trust claim for the amounts owing in connection with the Transactions.

53. Farmer Mikes breached its duties as a PACA trustee by failing to pay Southern Specialties for the Transactions, by not maintaining sufficient PACA Trust Assets to satisfy Southern Specialties' PACA Trust claim, and by diverting PACA Trust Assets to pay non-trust expenses and creditors.

54. Because Farmer Mikes breached its PACA trustee obligations, Southern Specialties has suffered damages in an amount not less than $26,699.75, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

FOR THESE REASONS, Southern Specialties seeks an Order directing Farmer Mikes to satisfy its obligations from the PACA Trust assets until Southern Specialties receives full payment of the sums owed in connection with the Transactions, which is no less than $26,699.75, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

## COUNT VI: FARMER MIKES

### FAILURE TO MAINTAIN THE PACA TRUST
*7 U.S.C. §§499b(4), 499e(a) and 499e(b)*

55. Southern Specialties incorporates by reference its allegations in paragraphs 1 through 16, 30 through 39, 41 through 48, and 50 through 54.

56. Farmer Mikes received and accepted the produce from Southern Specialties. See Paragraph 10.

57. Farmer Mikes must hold PACA Trust Assets in trust for Southern Specialties, ensuring that these assets are freely available to satisfy its outstanding obligations to Southern Specialties until Southern Specialties receives full payment of the sums owed in connection with the Transactions. 7 U.S.C. § 499e(c)(2); 7 C.F.R. §§46.46(b) and (d)(1).

58. Any acts or omissions by Farmer Mikes that are inconsistent with its responsibility to maintain sufficient PACA Trust Assets to pay Southern Specialties are unlawful and in violation of PACA. 7 U.S.C. § 499b(4).

59. Farmer Mikes failed to maintain sufficient PACA Trust Assets to pay Southern Specialties.

60. Farmer Mikes breached its duties under the PACA Trust by dissipating PACA Trust Assets and failing to maintain adequate PACA Trust Assets to fully satisfy Southern Specialties' PACA Trust claim.

61. Because Farmer Mikes failed to maintain adequate PACA Trust Assets to fully satisfy Southern Specialties' PACA Trust claim, Southern Specialties has suffered damages equal to any portion of their claims not received from PACA Trust Assets.

FOR THESE REASONS, Southern Specialties seeks a judgment in its favor and against Farmer Mikes in an amount equal to the difference between $26,699.75, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date

each transaction became overdue, as well as attorneys' fees and collection costs, less any payments received from PACA Trust Assets.

## COUNT VII: MICHAEL CLEVENGER
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

62. Southern Specialties incorporates by reference its allegations in paragraphs 1 through 16, 30 through 39, 41 through 48, 50 through 54, and 56 through 61.

63. During the Transactions, Michael Clevenger was the President and a reported principal on Farmer Mikes' PACA license.

64. In these capacities, Michael Clevenger had control, or the ability to exercise control, over Farmer Mikes' PACA Trust Assets.

65. Michael Clevenger had full knowledge of, and responsibility for, Farmer Mikes' financial operations and business dealings.

66. Michael Clevenger owed fiduciary duties to ensure that Farmer Mikes complied with its duties as a PACA trustee.

67. Farmer Mikes breached its PACA Trust duties by failing to maintain sufficient PACA Trust Assets to satisfy all PACA Trust claims, including Southern Specialties'.

68. Michael Clevenger breached his fiduciary duties by failing to ensure Farmer Mikes' compliance with its duties under the PACA Trust.

69. Because Michael Clevenger breached his fiduciary duties, Southern Specialties has suffered damages in an amount not less than $26,699.75, plus interest

at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

FOR THESE REASONS, Southern Specialties seeks a judgment in its favor and against Michael Clevenger in an amount equal to the unpaid balance of $26,699.75, plus interest at the rate of 1.5% per month (18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs, offset by any amount recovered from Farmer Mikes' PACA Trust Assets.

Respectfully submitted on November 6, 2025.

**MEUERS LAW FIRM, P.L.**

By: /s/ Steven M. De Falco
Steven M. De Falco
Fla. Bar No. 0733571
5385 Park Central Court, Suite 2
Naples, FL 34109
Telephone: (239) 513-9191
sdefalco@meuerslawfirm.com

*Lead Attorney for Plaintiff Southern Specialties, Inc.*